FILED & JUDGMENT ENTERED
David E. Weich

May 12 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_George R. Hodges_
George R. Hodges
United States Bankruptcy Judge

853.0000195          UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF NORTH CAROLINA

SHELBY DIVISION

| | |
|---|---|
| IN RE | ) Case No. 10-40125 |
| | ) |
| Richard Warren Finding and | ) Chapter 13 |
| Juanita Leatherman Finding, | ) |
| | ) |
| Debtors. | ) |
| | ) |

### ORDER

THIS CAUSE, coming on to be heard and being heard before George R. Hodges, United States Bankruptcy Judge for the Western District of North Carolina, upon the Motion for Adequate Protection and to Modify Stay and Notice of Motion filed herein by Peoples Bank (hereinafter "Peoples"); and

It appearing to the Court that all parties in interest were properly served on April 15, 2010 with a copy of the Motion for Adequate Protection and to Modify Stay and Notice of Motion, as required by the Bankruptcy Rules, and that no Objections were timely filed with this Court.

Based on the record herein, the Court makes the following **FINDINGS OF FACT:**

1.   On or about July 31, 2006, the Debtors executed and delivered to a certain Equity Line of Credit Agreement in the original sum of $85,000.00.

2.   Also on or about July 31, 2006, Debtors executed and delivered to Lance A. Sellers as Trustee a certain Deed of Trust, thereby granting a lien or encumbrance on the real property as described therein and known as 251 First Broad Drive, Bostic, NC 28018 (hereinafter "real property").

3. The foregoing Deed of Trust was properly filed on August 21, 2006 in Book 914 at Page 301 in the Register of Deeds of Rutherford County, North Carolina.

4. Peoples is the current owner and holder of the Note and Deed of Trust.

5. On or about February 25, 2010, the Debtors filed a petition under Chapter 13 of the United States Bankruptcy Code.

6. The Debtors have defaulted under the payment provisions of the foregoing Equity Line of Credit and Deed of Trust. After applying all funds received through May 7, 2010, the Debtors are due for their September 31, 2009 through April 31, 2009 monthly payments in the sum of $1,710.22.

7. Since the filing of this petition, the Debtors have paid the following Payments:

Year Month Due Date Paid Amount Paid:

| Year | Month | Date Paid | Amount Paid |
|------|-------|-----------|-------------|
| 2010 | February | | $ 0.00 |
| | March | | $ 0.00 |
| | April | | $ 0.00 |
| | May | | $ 0.00 |

8. As shown in the Debtors' Petition and Schedules, the Debtors intended to surrender the real property so that Peoples could foreclose on the same.

9. As the petition date, the balance due on Equity Line of Credit Agreement was $87,921.08 plus attorneys fees and expenses.

10. The fair market value of the foregoing real property is approximately $300,000.00, which is the value as shown on the Debtors' Petition and Schedules.

11. Peoples has a first deed of trust lien on the real property for the amounts shown herein, and Indymac Bank or One West Bank has the second deed of trust lien on the real property which secures a Note in the principal sum of $286,200.00.

12. If Peoples is not permitted to foreclose its lien or encumbrance on the Debtors' real property, Peoples will suffer irreparable injury, loss and damage.

the foregoing **FINDINGS OF FACT**, the Court makes the following **CONCLUSIONS OF LAW**:

1. That Peoples has a valid first deed of trust lien on the real property; and

    2.    That the automatic stay provisions of 11 U.S.C. § 362 should be modified or terminated so that Peoples and any Trustee of Substitute Trustee may foreclose on the real property as shown herein and otherwise enforce its rights in the real property as permitted by North Carolina law and the Deed of Trust.

    NOW, THEREFORE, IT HEREWITH IS ORDERED, ADJUDGED AND DECREED as follows:

    1.    That the automatic stay provisions of 11 U.S.C. § 362 be and the same herewith are modified or terminated so that Peoples and any Trustee or Substitute Trustee may foreclose on the real property as shown herein and otherwise enforce its rights in the real property as permitted by North Carolina law and the Deed of Trust;

    2.    That Peoples and any Trustee or Substitute Trustee be and is herewith allowed to sell said real property at public sale and to retain the net sale proceeds received therefrom, pursuant to the terms of said Agreement and Deed of Trust, until the outstanding balance due on said Agreement and Deed of Trust, including costs and expenses, has been paid in full; and

    3.    That Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is not applicable in this case and Movant may immediately enforce and implement this order granting relief from the automatic stay.

(End of Document)

This Order has been signed electronically. The Judge's signature and Court's Seal appear at the top of the Order.

United States Bankruptcy Court